# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VALENTIN SANCHEZ,

    Petitioner,

-vs-                                           Case No. 8:09-CV-1223-T-30TBM

STATE OF FLORIDA,

    Respondent.
_____/

## **ORDER**

        This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2009), and concludes that the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2254(b)-(c) without service on the Respondent.

        The Court takes judicial notice of information available on the database maintained by the Clerk of the Circuit Court, Hillsborough County, Florida, viewed July 2, 2009, http://www.hillsclerk.com, *see* Fed. R. Evid. 201, which reveals that Petitioner has been charged with capital murder in case number 09-cf-004218,[1] and that a jury trial has been scheduled for August 24, 2009. For relief, Petitioner asks this Court to "lift

---

[1] The petition identifies case number 09CF004218A (Dkt. 1 at pg. 1).

immigration hold." (Dkt. 1 at pg. 15).

It is apparent to the Court that Petitioner seeks to have this Court intercede in his state criminal proceedings. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
>
> . . .
>
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted).

The *Younger* abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. *See Lee v. City of Rome, Ga.*, 866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

In the present case, Petitioner has a state judicial action pending, the pending action implicates important state interests, and the state action is capable of addressing any federal constitutional questions. Therefore, the *Younger* abstention doctrine applies and this Court will not interfere in Petitioner's ongoing state criminal proceedings.

To the extent Petitioner's petition may be construed as challenging a final order of deportation or removal, this Court would lack jurisdiction to consider the petition because the entire habeas corpus proceeding would then be within the sole and exclusive jurisdiction of the Eleventh Circuit Court of Appeals, including any motion for a temporary stay of deportation or removal. *See* 8 U.S.C. § 1252; *Mokarram v. United States AG*, 2009 U.S. App. LEXIS 4140, *7 (11th Cir. Mar. 2, 2009)(unpublished opinion)("A petition for review with the appropriate court of appeals is the 'sole and exclusive means for judicial review of an order of removal.'")(quoting 8 U.S.C. § 1252(a)(5)).

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without

prejudice.

2. The Clerk is directed to terminate any pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 6, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Petitioner *pro se*